**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**USAA LIFE INSURANCE COMPANY,**

    **Plaintiff,**

v.                                                        Case No. 3:08cv139/MCR/EMT

**BRANDON KENNEDY, et al.,**

    **Defendants.**

_____/

## ORDER

This matter is before the court on Plaintiff USAA Life Insurance Company's complaint and motion for interpleader, discharge, and attorney fees. USAA asserts jurisdiction under 28 U.S.C. § 1332(a) and moves for interpleader pursuant to Fed. R. Civ. P. 22.

The facts below are drawn from USAA's unopposed motion.

USAA issued a life insurance policy on the life of James Kennedy in 1981 and an annuity for James Kennedy in 2000. James Kennedy appointed Brandon Kennedy as the primary beneficiary of the policy and the annuity, and appointed Cameron Wigington as the contingent beneficiary for both. Brandon Kennedy and Cameron Wigington are now defendants in this action, but only Wigington has appeared. Brandon Kennedy is in default, having failed to appear.

James Kennedy died of manual strangulation on August 29, 2007. The State of Florida charged Brandon Kennedy with the murder of James Kennedy in Okaloosa County Circuit Court case number 2007 CF 002125. The court takes judicial notice that, as of the date of this order, the electronic docket in this case reflects the cancellation of Brandon Kennedy's trial due to him being found incompetent to stand trial.

USAA maintains it is unable to determine which defendant is the rightful beneficiary of the proceeds of the policy and the annuity because Florida's Slayer Statute, Fla. Stat. § 732.802(3), bars distribution of the proceeds to the killer of the person upon whose life the policy and annuity were issued.  Thus, although Brandon Kennedy is the primary beneficiary, the proceeds must pass to Cameron Wigington if Brandon Kennedy is adjudged James Kennedy's killer.

USAA's unopposed motion for interpleader is granted, together with its request for attorney fees and costs.

Accordingly, it is hereby ORDERED that:

1. The unopposed motion (doc. 12) is GRANTED.

2. USAA is directed to liquidate the Whole Life Insurance Policy No. 854068001 (the "Policy") and Personal Pension Annuity No. T597964736 (the "Annuity"), (both of which USAA Life had issued to the Decedent James Kennedy), including the deduction of any surrender charges or other contractual charges, and to deposit the proceeds into the registry of the court.

3. USAA is awarded its reasonable costs and attorney's fees in the amount of $9,119.50 which USAA will deduct from the proceeds of the liquidation of the Policy and Annuity.

4. Upon deposit of the full value of the proceeds of the Policy and the Annuity (minus the award of $9,119.50 in attorneys' fees and costs) with the court, USAA shall be dismissed with prejudice from this action and discharged of all liabilities towards defendants arising out of the Policy and the Annuity.

5. Defendant Cameron Wigington shall be required to present to the court her claim to the sums of money reflected by the Policy and the Annuity now in the possession of USAA within twenty (20) days of this order.

**DONE and ORDERED** this 14th day of October, 2008.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No.: 3:08cv139/MCR/EMT